C. L. TURNER v. THE STATE.

No. 22166. Delivered June 10, 1942.

The opinion states the case.

*A. A. Kern,* of Dallas, for appellant.

*Chas. A. Pippen,* Assistant District Attorney, of Dallas, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of murder. The punishment assessed is death.

There are no bills of exception in the record. Therefore, the only question presented for review by this court is the sufficiency of the evidence to support the conviction.

The evidence, briefly stated, shows that on the night of September 15, 1941, about three o'clock A. M., the appellant entered the room where the deceased and a male friend were in bed; that he turned on the light and shot her with a .12-gauge shotgun. After being shot, she raised up in bed, when he shot her again, and then ran out but soon returned to the room; that as she lay prone on the floor he walked up to her and shot her in the neck, almost completely severing her head from her body. Thereafter, he ran away into a pasture where he lay in the weeds for the remainder of the night and then left Dallas the next day. The motive for the killing seems to have been jealously. Appellant had lived in adultery with the deceased until a short time prior to the killing, when he hit her on the head with a brick, at which time she ceased her illicit relations with him and began to bestow sexual favor upon another negro who was in bed with her at the time of the killing.

Appellant took the witness stand and admitted the killing but contended that he entered the bed room of the deceased with the shotgun at that time of the night for the purpose of collecting $5.00 which she owed him; that he became excited and the gun was fired accidentally. The jury, who heard his version of the affair, declined to accept his statement that the gun was discharged accidentally three times and reloaded twice within a period of a few minutes.

The evidence, as the same appears in the record, presents a premeditated killing without any excuse, justification or extenuating circumstances. Consequently we would not be authorized to set aside the verdict of the jury whose province it was to determine his guilt and assess a penalty within the limits prescribed by law.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.